IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORBERTO DÁVILA,<br><br>Defendant. | CIVIL NO.: 10-440 (DRD)<br><br>CIVIL NO.: 11-089 (DRD) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.   Procedural Background**

As to case 10-440 (DRD), on November 17, 2010, a grand jury returned an indictment against Norberto Dávila, (hereinafter referred to as "defendant"). The defendant has agreed to plead guilty to count one of the indictment in said case. Count one charges that on or about January 16, 2009, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, Norberto Dávila, the defendant herein, aiding and abetting others known and unknown to the grand jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, delivered one hundred fifty three thousand eight hundred and fifteen dollars in U.S. Currency ($153,815.00), using the code "De parte del Tio" to identify this transaction, which involved the proceeds of a specified unlawful activity, that is drug trafficking in violation of the Comprehensive Drug Abuse Prevention and Control Act, Title 21, United States Code, Section 801, et seq., knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, the source, the ownership, and the control of the proceeds of such specified

unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, section 1956(a)(1)(B)(i) and 2.

As to case 11-089 (DRD), on March 9, 2011, a grand jury returned an indictment against Norberto Dávila, (hereinafter referred to as "defendant"). The defendant has agreed to plead guilty to count one of the indictment. Count one charges that on or about December 3, 2010, in the District of Puerto Rico, and within the jurisdiction of this court, Norberto Dávila, having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess, in and affecting interstate commerce, a firearm, as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, one Smith & Wesson model 60 .38 caliber revolver, serial number R109445, in violation of Title 18, United States Code, Section 922(g).

## II.   Consent to Proceed Before a Magistrate Judge

On June 15, 2011, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment in case 10-440 (DRD) and as to count one in indictment in case 11-089 (DRD). Defendant has also agreed with the forfeiture allegation in case 11-089 (DRD). In open court the defendant was questioned as to the purpose of the hearing being held and was advised of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant was also explained the differences

between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

   **A.    Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

   **B.  Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

   1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving him guilt beyond a reasonable doubt.

   2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

   3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

    4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

    5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, defendant was explained and he understood that if convicted on count one as charged in count one of the indictment in case 10-440 (DRD) he will face the following penalties: a term of imprisonment of not more than twenty (20) years, a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than five (5) years in addition of any term of incarceration.

As to count one in case 11-089 (DRD) defendant was explained and he understood that if convicted as charged in count one he will face the following penalties: a term of imprisonment of not more than ten (10) years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Plea Agreement**[1]

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

---

[1] "Plea agreement" refers to the agreement and its supplement.

4.  In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

### E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

### F.  Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G.  Waiver of Appeal

The defendant was explained, and he understood, that if the court accepts the plea agreement and sentences him according to its terms and conditions, he will be surrendering his right to appeal the sentence and judgment in this case.

## IV.  Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to count one of the indictment in case 10-440 (DRD) and as to count one in indictment in case 11-089 (DRD). After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty

plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment in case 10-440 (DRD) and as to count one in indictment in case 11-089 (DRD).  I also recommend that the court accept the defendant's agreement with the forfeiture allegation in case 11-089 (DRD).

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 24th day of June, 2011.

                                              s/Marcos E. López
                                              U. S. MAGISTRATE JUDGE